IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **MICHAEL JONES,** ) | |
| ) | |
| Petitioner, ) | |
| ) | **CIVIL ACTION NO. 1:16-06718** |
| **v.** ) | |
| ) | |
| **B. JOHNSON, Warden,** ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On July 27, 2016, Petitioner, acting *pro se* and an inmate at FCI McDowell, filed his "Emergency Petition for Writ of Habeas Corpus" under 28 U.S.C. § 2241.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined Petitioner's Section 2241 Petition, the undersigned finds, and hereby, respectfully recommends, that Petitioner's Petition be dismissed.

**FACT AND PROCEDURE**

On July 27, 2016, Petitioner filed the instant Petition requesting a furlough to visit with his mother "who is on her last days of a terminal fight with cancer." (Document No. 1.) In support of his request, Petitioner explains that he is serving a 270-month term of imprisonment imposed by the United States District Court for the Western District of Tennessee on February 7,

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2006. (Id., p. 3.) Petitioner states that he is not challenging his conviction or sentence, but "is challenging how his constitutional rights were violated by the Respondent in regard to the possibility of a temporary release of a prisoner pursuant to 18 U.S.C. § 3622." (Id.) Petitioner states that when he learned of his mother's illness, he approached Unit Manager Hoffman and requested an "unmonitored temporary release so that he could attend his mother's side during her battle." (Id., p. 4.) Petitioner asserts that he requested 168 hours of unmonitored temporary release, which would be "12 hours to travel from the facility to Rockford, Illinois, 144 hours to console and prepare for her transition, and 12 hours to return to the facility." (Id.) Petitioner states that his request was denied by Unit Manager Hoffman. (Id.) Petitioner explains that he then "approached the Captain (in lieu of the Warden), at the lunch meal at the facility on the same day." (Id.) Petitioner complains that the Captain denied his request "on the spot" stating that "we don't do that." (Id.) Thus, Petitioner contends that his request was not properly considered pursuant to 18 U.S.C. § 3622. (Id., pp. 4 - 5.) Petitioner argues that Section 3622(a)(2) "instructs the BOP to grant a temporary release, not to exceed 30 days, to a prisoner for the purpose of 'visiting a dying relative' or 'attending a funeral of a relative.'" (Id., p. 5.) Petitioner contends that the BOP is obligated to consider the factors set forth in Section 3662 when considering his request for temporary release. (Id., pp. 7 - 8.) Petitioner, however, asserts that he was not properly considered for temporary release because BOP staff simply denied Petitioner's request by saying "We don't do that." (Id.) Finally, Petitioner acknowledges that he has no constitutional right to temporary release, but he contends that he does have a constitutional right to be properly considered for the possibility of temporary release. (Id., p. 9.) As relief, Petitioner requests that this Court require "Respondent to follow the law and consider

Petitioner's request for temporary release." (Id., p. 10.)

By Order entered on July 28, 2016, the undersigned directed Petitioner to "either pay the $5.00 filing fee, or submit the appropriate Application to Proceed *in Forma Pauperis* with the Certificate portion completed and Authorization to Release Institutional Account Information. (Document No. 3.) Petitioner paid the $5.00 filing fee on August 16, 2016. (Document No. 4.) By Order entered on August 19, 2016, the undersigned ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 5.) On September 8, 2016, Respondent filed his Response to the Order to Show Cause. (Document No. 8.) Respondent argues that Petitioner's Petition should be dismissed based on the following: (1) "Petitioner failed to exhaust his administrative remedies" (Id., pp. 2 – 3.); (2) "Petitioner has not followed the process for requesting furlough consideration" (Id., pp. 3 - 4.); and (3) "Petitioner has no right to a furlough" (Id., p. 4.).

As Exhibits, Respondent attach the following: (1) The Declaration of Derek Boyer (Id., pp. 7 – 8.); (2) A copy of Program Statement 5280.09, Inmate Furloughs (Id., pp. 10 - 30.); and (3) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" (Id., pp. 32 - 37.).

By Order and Notice entered on September 19, 2016, the undersigned advised Petitioner of his right to file a Reply to Respondent's Response. (Document No. 9.) Petitioner, however, has failed to file a Reply.

## **ANALYSIS**

**1.     Failure to Exhaust:**

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, Courts

consistently require prisoners to exhaust their administrative remedies prior to seeking *habeas* review under Section 2241. See McClung v. Shearin, 90 F. Appx. 444, 445 (4th Cir. 2004)(unpublished)(citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001)); Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into Court. See Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). The purpose of exhaustion, however, is frustrated "[w]hen an inmate attempts to exhaust an issue before the issue is ripe for review [because] the BOP is deprived of its opportunity to properly address the issue before being haled into court." Specter v. Director, 2010 WL 883733, * 4 (D.S.C. Mar. 5, 2010)(slip copy)(finding that petitioner failed to properly exhaust his claim for RRC placement because "no recommendation or decision had been made in his case yet and would not occur until 17 to 19 months prior to his anticipated release date").

The BOP has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's

complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

      The undersigned finds that Petitioner failed to fully exhaust his administrative remedies prior to filing the instant action. In his Petition, Petitioner acknowledges that he failed to exhaust his administrative remedies. (Document No. 1, p. 3.) Petitioner, however, contends that he should be excused from exhausting his administrative remedies "[d]ue to the nature and time

restraints of Petitioner's request." It is well recognized that exhaustion may be excused under certain circumstances, such as by a showing of futility or irreparable injury. Exhaustion, however, should not be excused simply because an inmate believes that the length of the exhaustion process will prevent the inmate from receiving a full benefit of his request. See Wright v. Warden, 2010 WL 1258181, * 1 (D.Md. Mar. 24, 2010)(slip copy)(finding that "[e]haustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals before the 12-month pre-release mark"); also see Garrison v. Stansberry, 2009 WL 1160115, * 3 (E.D.Va. Apr. 29, 2009)(slip copy)(explaining that granting review of RRC placement claims because of "time-sensitivity" would encourage the filing of similar petitions before the administrative remedy process has run its course, which would "both undermine the effectiveness of the administrative review process and burden the Court with superfluous claims"). Although Petitioner states that his furlough request is time sensitive, Petitioner has failed to show that requiring him to exhaust his administrative remedies would be futile or cause him to suffer an irreparable injury. Based on the foregoing, the undersigned finds that Petitioner is not excused from exhausting his administrative remedies and his Petition should be dismissed. Notwithstanding the foregoing, the undersigned will consider the merits of Petitioner's claim.

**2. Petitioner Failed to Follow BOP Procedure Regarding his Furlough Request:**

Petitioner requests a temporary release so that he may visit with his mother, who is terminally ill with cancer. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979);

see also, Meachum v. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 2539, 49 L.Ed.2d 451 (1976)("[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty."). Title 18 U.S.C. § 3622, however, authorizes the BOP to grant furloughs. Specifically, 18 U.S.C. § 3622 provides as follows:

> The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2), if such release otherwise appears to be consistent with the public interest and if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him under prescribed conditions, to - -
>
> > (a) visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of - -
> >
> > > (1) visit a relative who is dying;
> > > * * *

18 U.S.C § 3622(a)(1). Additionally, 28 C.F.R. § 570.33 provides that "[t]he Warden or designee may authorize a furlough, for 30 calendar days or less, for an inmate to: . . . (b) Be present during a crisis in the immediate family, or in other urgent situations."[2] 28 C.F.R. § 570.33(b). The plain language of 18 U.S.C. § 3622 gives the BOP exclusive authority to determine whether a federal prisoner should be granted a furlough. See United States v. Premachandra, 78 F.3d 589 (8th Cir. 1996)(per curiam)(18 U.S.C. § 3622 vests authority to grant furloughs with the BOP, not the federal courts). The BOP in its discretionary authority established procedures for prisoners to apply for a furlough. See 28 C.F.R. § 570.37. Title 28 C.F.R. § 570.37(a) provides that an inmate

---

[2] 28 C.F.R. § 570.36(b) provides that "[o]rdinarily, Wardens will not grant furlough to an inmate if: (1) The inmate is convicted of a serious crime against a person; (2) The inmate's presence in the community could attract undue public attention, create unusual concern, or diminish the seriousness of the offense; or (3) The inmate has been granted a furlough in the past 90 days."

should submit "a furlough application to staff, who will review it for compliance with these regulations and Bureau policy." 28 C.F.R. § 570.37(a). Subsection (b) further provides that "[a]n inmate will be notified of the Warden's decision on the furlough application" and if the application is denied, "the inmate will be notified of the reasons for the denial." 28 C.F.R. § 570.37(b). Finally, Subsection (c) provides that "[a]n inmate may appeal any aspect of the furlough program through the Administrative Remedy Program." 28 C.F.R. § 570.37(c).

In the instant case, it is clear that Petitioner failed to submit a furlough application in compliance with 28 C.F.R. § 570.37. In his Petition, Petitioner acknowledges that he made only verbal requests to Unit Manager Hoffman and the Captain. (Document No. 1.) Accordingly, the undersigned cannot find that the BOP failed to properly consider him for a temporary release pursuant to 18 U.S.C. § 3622. To receive consideration for a temporary release pursuant to 18 U.S.C. § 3622, Petitioner should submit a furlough application with BOP staff in compliance with 28 C.F.R. § 570.37. Next, Petitioner argues that his temporary release request must be granted by BOP staff because he satisfies all three factors set forth in 18 U.S.C. § 3622. Section 3622, however, provides that release "may" be granted "if" the first two factors "and" the third factor are all found to be present. See 18 U.S.C. § 3622. Clearly, Section 3622 does not mandate that the BOP must release a prisoner that satisfies all three factors. See Woltz v. Carter, 2012 WL 3879950, * 4 (S.D.W.Va. Sept. 6, 2012)(J. Berger)("Plaintiff simply fails to state a due process claim because he has no protected liberty interest with respect to the BOP's discretionary determination of whether he is eligible for a furlough or community confinement."); Clay v. LaManna, 2008 WL 4680579, * 3 (D.S.C. Oct. 21, 2008)(an inmate does not have a liberty interest in a furlough). Finally, even though the undersigned is sympathetic to

Petitioner's circumstances, the Court lacks authority to grant Petitioner's request for temporary release or a furlough. See Premachandra, supra, 78 F.3d at 589(Section 3622 vests authority to grant furloughs with the BOP); United States v. Padilla, 2012 WL 2175749, *3 (D.N.M. May 31, 2012)("Congress has expressly provided that the BOP has authority to grant furloughs and has not vested such authority with the courts."); United States v. Watson, 2009 WL 1370915 (M.D.Ala. May 14, 2009)("No language in the statute grants district courts the authority to order or approve a furlough request."). Accordingly, the undersigned recommends that the District Court deny Petitioner's "Emergency Petition for Writ of Habeas Corpus."

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's "Emergency Petition for Writ of Habeas Corpus" (Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to counsel of record and to Petitioner, who is currently incarcerated at FCI McKean, P.O. Box 8000, Bradford, PA 16701.

Date: January 19, 2017.

_____
Omar J. Aboulhosn
United States Magistrate Judge